1

2

3

4                      **UNITED STATES DISTRICT COURT**

5                           **DISTRICT OF NEVADA**

6

7    VIRGINIA LINDSEY,                          )
                                                )      Case No. 2:15-cv-01161-APG-CWH
8                        Plaintiff,             )
                                                )      **ORDER**
9    vs.                                        )
                                                )
10   SUNRISE HOSPITAL AND MEDICAL CENTER, )
                                                )
11                       Defendant.             )
                                                )
12

13          Presently before the Court is Plaintiff Virginia Lindsey's Ex Parte Motion to Enlarge Time

14   for Service of the Summons and Complaint by Publication (ECF No. 6), filed on October 7, 2015.

15   Although Plaintiff's motion is somewhat confusing, the Court understands Plaintiff to be

16   requesting additional time to serve Defendant due to issues Plaintiff encountered in communicating

17   with her process server.  Plaintiff's current deadline for serving Defendant is October 17, 2015.

18   **I.      BACKGROUND**

19          Plaintiff states that she filed this case on October 1, 2015, however, the Court's docket

20   indicates that this case was filed on June 19, 2015.  (Compl. (ECF No. 1).)  According to Plaintiff,

21   on July 2, 2015, she emailed a process server to request that Defendant be served with process.  (Ex

22   Parte Mot. to Extend Time for Service (ECF No. 6) at 4.)  Plaintiff states that on July 27, 2015, she

23   followed up with the process server by email regarding the status of service, but did not receive a

24   response.  (*Id.*)  Plaintiff further states that on September 28, 2015, she left a voice mail for the

25   process server, but did not receive a return telephone call.  (*Id.*)  Plaintiff states that on October 2,

26   2015, she sent another email to the process server, but did not receive a response.  (*Id.*)  Finally,

27   Plaintiff states that on October 7, 2015, she contacted a new process server to request service on

28   Defendant.  (*Id.*)  Plaintiff does not explain why the new process server will be unable to

1   accomplish service on Defendant, which presumably has a registered agent, by the current deadline

2   of October 17, 2015.

3         Plaintiff now moves to extend time to serve the Plaintiff by publication, arguing good cause

4   exists to extend time because she made multiple attempts to contact the process server but did not

5   receive a response.  Additionally, Plaintiff argues she has demonstrated excusable neglect because

6   she diligently followed up with the process server and is now using a different process server.

7   Plaintiff's motion does not explain why she is requesting service by publication.

8   **II.**     **ANALYSIS**

9         Federal Rule of Civil Procedure 4(m) establishes the time for service on domestic

10   defendants:

11       If a defendant is not served within 120 days after the complaint is filed, the court –
   on motion or on its own after notice to the plaintiff – must dismiss the action

12   without prejudice against that defendant or order that service be made within a
   specified time.  But if the plaintiff shows good cause for the failure, the court must

13   extend the time for service for an appropriate period.

14   The Court must extend the 120-day time limit of Rule 4(m) if the serving party shows good cause

15   for failure to serve within 120 days.  *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009).

16   If the serving party does not show good cause, the Court has discretion to extend time for service,

17   or to dismiss the complaint without prejudice.  *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).

18   The Court's discretion to extend time for service, or to dismiss without prejudice for failure to

19   timely serve, is broad.  *Id.*

20         Courts must determine on a case-by-case basis whether the serving party has shown good

21   cause.  *In re Sheehan*, 253 F.3d at 512.  Generally, good cause is equated with diligence.  *Townsel*

22   *v. Contra Costa Cnty., Cal.*, 820 F.2d 319, 320 (9th Cir. 1987).  A showing of good cause requires

23   more than inadvertence or mistake of counsel.  *Id.*  "[A]t a minimum, good cause means excusable

24   neglect."  *In re Sheehan*, 253 F.3d at 512 (quotation omitted).

25         Plaintiff has not demonstrated good cause to extend time to serve Defendant.  Although

26   Plaintiff argues she was diligent because she followed up with the process server three times over a

27   period of three months, Plaintiff does not explain why she waited two months to follow up with the

28   process server after the process server did not respond to Plaintiff's initial status inquiry email

1    dated July 27, 2015.  Further, Plaintiff does not explain why she did not engage a different process

2    server in late July or early August, as soon as she began having communication problems with the

3    process server, rather than waiting until the service deadline nearly had run to hire a different

4    process server.  Regardless, under Rule 4, the Court has discretion, even without good cause, to

5    extend the time for service.  Given that this is Plaintiff's first request to extend time for service and

6    that the service deadline has not yet expired, the Court will grant Plaintiff an additional 30 days

7    from the current service deadline to serve Defendant.

8         To the extent Plaintiff requests the Court's permission to serve by publication, however,

9    Plaintiff's motion is denied.  Plaintiff does not present argument or authority explaining why

10   service by publication is appropriate in this case, which constitutes consent to denial of the motion.

11   *See* Local Rule 7-2(d) (stating that "[t]he failure of a moving party to file points and authorities in

12   support of the motion shall constitute a consent to the denial of the motion.")

13        Finally, the Court notes that Plaintiff's motion relies on Nevada Rule of Civil Procedure 4

14   and the factors set forth in *Scrimer v. Eighth Judicial District Court*, 998 P.2d 1190 (Nev. 2000).

15   Plaintiff is advised that future filings in this case must rely on the Federal Rules of Civil Procedure.

16   The Nevada Rules of Civil Procedure do not govern proceedings in this Court.

17   **III.    CONCLUSION**

18        IT IS THEREFORE ORDERED that Plaintiff Virginia Lindsey's Ex Parte Motion to

19   Enlarge Time for Service of the Summons and Complaint by Publication (ECF No. 6) is

20   GRANTED in part and DENIED in part.  The motion is granted to the extent that the Court will

21   allow Plaintiff an additional 30 days to serve Defendant with process, making the service deadline

22   November 16, 2015.  The motion is denied to the extent that Plaintiff requests the Court's

23   permission to serve by publication.

24        DATED: October 14, 2015

25

26   _____

     **C.W. Hoffman, Jr.**

27   **United States Magistrate Judge**

28